424

Court of Customs and Patent Appeals.
Dec. 1, 1930.

Duell, Dunn & Anderson, of New York City (Holland Duell and James W. Anderson, both of New York City, of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

From a decision of the Board of Appeals, affirming that of the examiner in refusing to allow appellant's claims 4, 5, and 6, of which claim 5 may be taken as illustrative, appeal has been taken to this court.

Claim 5 reads as follows:

"5. A manifolding pad including, in combination, a plurality of superposed record strips, each having a series of recording areas therealong whereby the corresponding recording areas may be arranged in superposed registry with each other for manifold inscription, each of said superposed strips having register-controlling apertures spaced in a longitudinal series therealong, each of said controlling apertures bearing a definite longitudinal relative relation with reference to an adjacent recording area, said superposed strips being wound together in contact with each other into a roll to form the manifolding pad and the register-controlling apertures of the respective superposed strips being longitudinally disaligned from each other in the pad roll and retained in such position by mutual engagement of the strips in the roll so that the corresponding apertures of the superposed strips may be prevented from be-

coming excessively longitudinally disaligned when leaving the pad to enter a register-controlling mechanism."

The references are:

Remson et al., 505,958, October 3, 1893.
Breakspear et al., 543,330, July 23, 1895.
Shirek et al., 674,566, May 21, 1901.
Roberts, 1,424,946, August 8, 1922.
Wiswall, 1,534,478, April 21, 1925.
Temple, German, 163,782, October 30, 1905.

Appellant's disclosure consists of a manifolding pack or pad, including a plurality of superposed record strips of paper which are divided into a series of blank forms, each of which is provided with one or more perforations, which perforations are adapted to function during the feeding of the strips through the machine. The superposed strips are rolled together in a single roll. Due to the increased circumference of the roll of the outermost of the strips with respect to the circumference of the underlying strips, ordinarily when the strips would be torn off, the top strip would be torn off in a different position relative to the other strips. Appellant's device contains two feed rolls, one of which has an edge sufficiently narrow to enter the perforations, thereby causing that sheet to stop rolling, thus permitting the other sheets to be moved up to where the perforations are brought into alignment, and thus bringing about an alignment of the printed forms and any carbon paper that might be used in connection therewith.

It will not be necessary to discuss all the references. They disclose in some instances rolls of paper and flat pads of paper which are unrolled or drawn out for use, as salesbooks, etc. The Wiswall patent, 1,534,478, shows a manifolding book for the same machine as is used at bar with the same superposed record strips with form-registering apertures contained therein in substantially the same relative position on the strips, and intended to perform the same purpose as those at bar. Its use is confined to the use of zigzag pads, which are pads made of the strips of paper, folded in zigzag fashion.

Appellant contends that it is desirable to use the paper in the form of a roll rather than in the form of a zigzag pad; that his device permits the use of same without having the ends of the strips uneven at the point where they are torn off. It is contended by applicant that it has required inventive genius to thus provide strips which can be used

in the form of rolls rather than in the form of flat packs.

The Board of Appeals held that, "The claims distinguished from Wiswall only by defining the package as being in the form of a roll," and further said:

"As we view the case it did not involve invention to roll the superposed strips disclosed in Wiswall into a single roll, in view of the disclosures in the other cited patents. The patent to Shirek et al. well illustrates the equivalency of the zigzag and the rolled types of packages, shown respectively in Figures 2 and 3 of the patent."

We do not think appellant's disclosure shows any invention not already disclosed in the references, and agree with the conclusion reached by the Board of Appeals, and its decision is affirmed.

Affirmed.